# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv89

| | | |
|---|---|---|
| LARRY McCLOUD, Administrator of the Estate of Garry Wayne McCloud, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| MELISSA HILDEBRAND; and the CITY OF HICKORY, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on a proposed "Stipulation and Consent Order," which has not been both attached to the Certificate of Initial Attorneys Conference and sent to chambers via CyberClerk by counsel unaccompanied by a motion. As provided in Rule 7(b)(1), Federal Rules of Civil Procedure, and reflected in Local Rule 7.2, an application to the court for an Order or other relief must be made in the form of a written motion. The court adheres to these rules not simply because they are rules; instead, the requirement of filing a motion insures that the court reaches the issue, inasmuch as there is no provision for CM/ECF to track freestanding proposed Orders. The requirement of a motion further serves the public interest - - especially in the protection of investigatory files - - in assuring that Orders which allow review are based on good and adequate cause.

With those concerns in mind, the court will strike the "Stipulation and Consent Order" as improvidently submitted, and instruct the parties to file a joint or consent

motion showing good and adequate cause for the relief sought. Counsel may <u>attach</u> the proposed Order as attachment to the motion or they may <u>submit</u> it to the court through <u>CyberClerk</u>, or both. Proposed Orders that are unaccompanied by motions filed through ECF are, however, improper and there is no guarantee that they will even be found.

## ORDER

**IT IS, THEREFORE, ORDERED** that the "Stipulation and Consent Order" is **STRICKEN** as improvidently submitted.

Signed: August 24, 2007

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge