IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv89

| | |
|---|---|
| LARRY McCLOUD, Administrator of the Estate of Garry Wayne McCloud,<br><br>Plaintiff,<br><br>Vs.<br><br>MELISSA HILDEBRAND; and the CITY OF HICKORY,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the court upon the Joint Motion for Release of SBI Files (#6). Finding that good cause has been shown in the motion and that the interests of justice outweigh the investigatory interests in not disclosing such files, and it further appearing to the court that the SBI has, through counsel, consented to such release, the Motion for Release of SBI Files (#6) is **GRANTED** and the following Order is entered:

**PROTECTIVE ORDER**

The Plaintiff and Defendants by and through their undersigned Counsel, and the North Carolina State Bureau of Investigation (hereafter referred to as "NCSBI"), by and through its undersigned Counsel, stipulate

and agree to the entry of this Consent Order allowing release of SBI File Number 2006-2748(944) to Counsel for the Plaintiff and Defendants. Counsel for the Parties and Counsel for the NCSBI further stipulate and agree to the following statements for purposes of the Court's entry of the Consent Order:

1. Counsel for the Plaintiff and Counsel for Defendants previously filed a Motion requesting a certified and/or authenticated copy of the NCSBI investigative file to assist in their prosecution and defense, respectively, of this lawsuit.

2. The NCSBI investigative file pertains directly to the subject matter involved in the case before this Court.

3. Counsel for the NCSBI, after reviewing the subject investigative file, has determined that he has no objections to releasing the requested materials to the Counsel for the Plaintiff and Counsel for the Defendants in response to said Motion for the following reasons:

    A. No policy reason exists requiring the denial of the request for the production of these materials.

    B. The NCSBI will suffer no prejudice by releasing this material.

    C. There are no identities of persons contained in the

materials which need to be protected.

  D. The criminal investigation which might have been the subject of this file has been concluded; and

  E. The interests of the State of North Carolina are not prejudiced in any way by the release of these materials to the Counsel for the Plaintiff and Defendants.

  4. Except as may be otherwise provided by further Order of the Court, the documents and information contained within the NCSBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 5 below.

  5. Access to and the use of any information or documents, or any part thereof, within the NCSBI file shall be limited to:

  A. the Court;

  B. the Parties, Parties' potential witnesses, attorneys of record for the Parties, any associated counsel and any employees or agents of such attorneys and counsel;

  C. Court-Appointed Mediators or those selected by the parties;

  D. Consultants, technical and expert witnesses involved in

the preparation of this action;

  E. Court reporters, their transcribers, assistants, and employees;

  F. Any potential or actual deposition or trial witness to the extent that it is necessary to tender as an exhibit to such witnesses a confidential document from the NCSBI file in order to elicit testimony relevant to the matters at issue in this case; and

  G. the Jury.

6. Counsel may make copies of the NCSBI file material for the Plaintiff's or Defendants' respective experts upon receiving from said experts their written agreement that they will be bound by the terms of this Consent Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Consent Protective Order. A file of all such written acknowledgments and agreements shall be maintained by Plaintiff's and/or Defendants' Counsel. By signing the declaration agreeing to be bound by this Consent Protective Order, each of the Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of this Court for the purposes of enforcement of this Consent Protective Order.

7. Individuals who are permitted access to the NCSBI file materials pursuant to Paragraph 6 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Consent Protective Order. The records shall not be further copied in any manner without permission of the Court, and all originals and allowed copies thereof shall be returned to the North Carolina State Bureau of Investigation at the conclusion of this action with a certification that no other copies exist and that all copies have been duly returned in compliance with this Order.

8. At the conclusion of this litigation, each document produced by the NCSBI and subject to this Consent Protective Order shall be returned to the NCSBI for destruction.

9. This Consent Protective Order does not in any way attempt to address or invade the province of the Court's to make future rulings on the relevance and admissibility of any NCSBI documents for use at trial.

Signed: August 30, 2007

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge 

**CONSENTED TO:**

/s/ John Watters
John Watters, Legal Counsel
North Carolina State Bureau of Investigation

/s/William L. Hill
William L. Hill
Attorney for Defendants
Frazier Fury & Hill RLLP
500 West Friendly Avenue
Greensboro, NC 27401

/s/ David R. Tanis
David R. Tanis
Attorney for Plaintiff
Sharp Michael Outten & Graham, LLP
P.O. Drawer 1027
Kitty Hawk, NC 27949-1027