# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv89

| | |
|---|---|
| LARRY McCLOUD, Administrator of the Estate of Garry Wayne McCloud, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )    PROTECTIVE ORDER<br>) |
| MELISSA HILDEBRAND; and the CITY OF HICKORY, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** having come before the court on the Consent Motion for Protective order (#9), and good cause having therein been shown,

**IT IS, THEREFORE, ORDERED** that the Consent Motion for Protective Order is **GRANTED**, and it is hereby ORDERED as follows:

1. All documents that purport to be personnel records or contents of personnel files, as defined by N.C.G.S. 153A-98 which are produced in this matter, shall be deemed "Confidential Documents" within the meaning of this Order.

2. All documents, which purport to be medical records, which are produced in this matter, shall be deemed "Confidential Documents" within the meaning of this Order.

3. All documents which purport to constitute or contain proprietary business information produced in this matter shall be deemed "Confidential Documents" within the meaning of this Order.

4. Any other documents produced in this action which the producing party designates as "Confidential Documents" shall be deemed "Confidential Documents" within the meaning of this Order. Such designation shall be made in writing, shall be served upon all parties through counsel, shall identify with reasonable specificity the documents to which the designation applies, and shall be made contemporaneously upon production of such documents or as soon thereafter as practical.

5. Except as may be otherwise provided by further order of the Court, documents designated as "Confidential Documents," as well as the matters contained therein, and any summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6 below.

6. Access to or use of any documents, or any part thereof, designated as "Confidential Documents" as well as the matter contained therein, shall be limited to this case only and only to:

a. the Court;

b. the parties, attorneys of record for the parties, their associates, assistants, and employees;

    c.      consultants and experts involved in the preparation of this action;

    d.      Court Reporters, their transcribers, assistants, and employees;

    e.      Deposition or trial witnesses to the extent that it is necessary to tender to such witness as an exhibit a "Confidential Document" in order to elicit testimony relevant to the matters at issue in this case.

7. Individuals who are permitted to review the "Confidential Documents" pursuant to Paragraph 6 are hereby ordered not to show, convey, or reproduce any document so designated, or parts thereof, or copies thereof, or to communicate the content thereof, to any individual or entity who would not otherwise have access to said documents under the provisions of this order.

8. Any document designated as "Confidential" and filed with the Court and any brief referring to such document, shall be kept by the Clerk under seal and shall be made available only to the Court and persons authorized by the terms of this Protective Order to have access thereto. The party filing any such "Confidential Documents" shall be responsible for designating to the Clerk that it is subject to the Protective Order. A non-filing party may so notify the Clerk and request that the documents be kept under seal. Any request that the documents be kept under seal by the Court, may, upon application by a party, be subject to review by the Court. At the conclusion of this case, such "Confidential Documents" as have thus been

filed with the Court under seal shall be returned to the party producing the documents.

9. Written material consisting of, or revealing confidential information, shall be filed with the Clerk of Court in a sealed envelope or other sealed container on which shall be endorsed with the title of the action, indication and nature of the contents, the word "Confidential." In the case of briefs, such as Summary Judgment, they shall not have to be filed under seal but exhibits containing "confidential information" shall be. The parties are strongly encouraged by the Court to limit the number of sealed documents given the practical difficulties with the ECF system.

10. In the event that any party disagrees with the designation of any documents as "Confidential Documents," Counsel shall first try to dispose of such dispute in good faith and on an informal basis. If any party objecting to the confidential designation of material continues to contest the confidential nature of any document or information produced pursuant in this matter and designated as "Confidential," written notice shall be given setting forth with specificity the document or information which the objecting party contends is not confidential and the party's intention to apply to the Court for removal of the confidential designation as to the specific document or information contained in the notice. This Court shall then determine the continued confidentiality of the document or

information. Any document or information as to which such motion is made shall remain designated as "Confidential" under the provisions of this Protective Order until further order this Court.

11. To the extent that any applicable law might require an Order of the Court prior to producing Confidential Documents due to confidentiality, this Order shall constitute such Order and the parties shall produce such Confidential Documents to the extent that they are otherwise discoverable and responsive.

12. At the conclusion of this case, any documents produced which are subject to this Protective Order will be returned to the providing party, or in the alternative, counsel shall certify that all copies of such documents have been destroyed.

13. This Order is without prejudice to such other objections, protections and privileges as the parties might assert.

Signed: September 25, 2007

Dennis L. Howell
United States Magistrate Judge

CONSENTED TO BY:

/s/ William L. Hill
By:   William L. Hill
Attorney for Defendants
Frazier, Hill & Fury, RLLP
P.O. Drawer 1559
Greensboro, NC 27402

/s/ David R. Tanis
By:   David R. Tanis
Attorney for Plaintiff
Sharp, Michael, Outten and Graham, LLP
P.O. Drawer 1027
Kitty Hawk, NC 27949-1027